IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARMEN M. TORRES-ORTIZ,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL NO. 11-1892 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Carmen M. Torres-Ortíz (hereafter plaintiff "Torres-Ortíz") filed this federal complaint seeking judicial review of the final decision of the defendant, the Commissioner of Social Security (hereafter "Commissioner"), denying her application for a period of disability and ensuing disability benefits. (Docket No. 1).[1]

On February 21, 2012, the Commissioner answered the Complaint and filed a copy of the administrative record. (Docket Nos. 6 and 7). On March 19, 2012, plaintiff Torres-Ortíz filed, through Atty. Salvador Medina De-La-Cruz, a consent to proceed before the Magistrate Judge. (Docket No. 9).[2] On June 25, 2012, Atty. Medina De-La-Cruz filed plaintiff's memorandum of law. (Docket No. 19). Thereafter, the Commissioner filed his memorandum. (Docket No. 22).

---

[1] U.S.C. Sec. 405(g) provides for judicial review of the final decision of the Commissioner.
"... [t]he court shall have power to enter, upon the pleadings and transcript
of the record, a judgment without remanding the cause for rehearing".  Section 205(g).

[2] The government has already provided a general consent to proceed before a Magistrate Judge in all Social Security cases.  Title 28, United States Code, Section 636(b)(1)(A), (c)(1) and (c)(2); Fed.R.Civ. P. 73(a).

**BACKGROUND**

On September 28, 2005, plaintiff Torres-Ortíz filed an application for a protected period of disability benefits with onset date of August 13, 2004, because of a major depressive condition. After the application was initially denied, the requested administrative hearing was held on March 5, 2009. Thereafter, the presiding Administrative Law Judge (hereafter "ALJ") issued an opinion finding plaintiff was not disabled from onset date alleged of August 13, 2004 through the date she was last insured for disability purposes, March 31, 2005. The ALJ ruled that, although plaintiff Torres-Ortíz could not perform her past relevant work as a sewing machine operator, there were other jobs within her residual functional capacity for light and unskilled work that were available. As such, plaintiff was found not under disability. The Appeals Council denied the request for review.

Plaintiff Torres-Ortíz submits in the Complaint and in her memorandum of law the final decision of the Commissioner denying disability failed to present to the vocational expert at the administrative hearing the hypothetical questions necessary to accurately reflect all of plaintiff's limitations and the ALJ did not give proper weight to the opinion of treating sources and/or failed to explain the reasons for not giving proper credit to same. (Docket No. 18, pp. 3, 4).[3]

---

[3] The excessive use of italics, various fonts and use of bold and underlining simultaneously when referring to administrative record and case law certainly dilute proper emphasis to relevant legal arguments and relevance of the citations in the record. The Court also notes the recent tendency to raise objections to hypothetical questions or lack thereof to the vocational expert and to the weight given to the treating physicians' opinions (although good legal arguments) need to be incorporated when appropriate and applicable to the case situation, not as *pro-forma* in plaintiff's memorandum of law.

The Commissioner's memorandum of law discussed the ALJ's opinion clearly indicated the weight given to treating psychiatrist Dr. Ronald Malavé (hereafter "Dr. Malavé") from Centro de Salud Conductual del Oeste. Dr. Malavé reported the patient's most recent visit was February 2004, with complaints of crying spells, feeling depressed, anhedonia and anxiety. There were no side effects from medication. (Docket No. 5, Transcript, pp. 155-158). Dr. Malavé thereafter completed a questionnaire having first seen the patient in January 2002 and a last visit on August 9, 2004. He opined plaintiff was markedly limited in her ability to understand, remember and carry out very short and simple instructions; was very limited in maintaining attention and concentration; and moderately limited in the ability to interact with others. Dr. Malavé stated he believed plaintiff would be absent from work more than four days per month. (*Id.*). The ALJ ruled Dr. Malavé's opinion was not supported by any progress notes for which it was not entitled to controlling weight. For controlling weight, a treating source's opinion must be well supported by medically acceptable clinical and laboratory diagnostic techniques and consistent with other evidence of record. There were progress notes from the Behavioral Health Center - Ponce School of Medicine which also treated plaintiff Torres-Ortíz during the relevant period indicating the patient was logical, coherent, relevant and well oriented, with appropriate affect, judgment, thought process and content. These notes described the patient as stable with prescribed treatment. (Docket No. 5, Transcript, pp. 19; 135-148). The ALJ further considered the opinion of a clinical psychologist, Dr. Orlando E. Reboredo (hereafter "Dr. Reboredo"), who upon a review of the record, opined plaintiff Torres-Ortíz did not have a severe impairment before last insured date of coverage, March 31, 2005. (*Id.*,

pp. 180-181). Thus, considering the entire record, the ALJ determined plaintiff Torres-Ortíz had the residual functional capacity to perform a full range of work at all exertional levels, except that her mental impairment hindered performance of complex tasks, frequent contact with the public and frequent contact with supervisors and co-workers. The ALJ concluded Torres-Ortíz could perform unskilled, simple work activity, without contact with the public and frequent contact with supervisors and co-workers. Although unable to perform her past relevant work as a sewing machine operator, the ALJ, assisted by a vocational expert's testimony, found there were other jobs available within her residual functional capacity and determined she was not under disability. (*Id.*, pp. 22-23).

## ADMINISTRATIVE AND PROCEDURAL HISTORY

After the initial application was denied, plaintiff Torres-Ortíz waived being present at the administrative hearing, wherein the ALJ entertained the testimony of a vocational expert, Dr. Miguel Pellicier.

The vocational expert testified in regard to plaintiff Torres-Ortíz previous work as sewing machine operator, which was of medium level of exertion and semi-skilled. (Docket No. 5, Transcript, p. 234). The ALJ proposed to the vocational expert the hypothetical facts for a person such as plaintiff's profile, with a maximum exertional capacity for light work and requiring working for no more than two hours without at least a five minute break, without contact with the public and occasional contact with the public and occasional maximum contact with supervisors and co-workers. Since the occupation as sewing machine operator required her to be sitting most of the day and was considered medium, the vocational expert answered she would not be able to perform same. However, with

those proposed limitations, there were other jobs that were simple where plaintiff could change body positions, that is, alternate positions at her discretion, such as garment folder in the clothing manufacturing industry. There was also jobs as mounter. These jobs were light, performed at a table not in an assembly line, where positions could be alternated, and were available in significant numbers in the national economy. (*Id.*, pp. 235-236).

The ALJ concluded that, since alleged onset date, plaintiff Torres-Ortíz' mental condition was moderate in intensity from a medical standpoint but was considered severe for it imposed more than slight limitations in her capacity to perform regular work activity. (Docket No. 5, Transcript p. 19). Interpreting the evidence in the manner more favorable to plaintiff, the ALJ concluded the evidence of record as a whole established plaintiff's daily activities were moderately restricted, she had moderate difficulties in maintaining social functioning, and had only one or two episodes of decompensation through date last insured of March 31, 2005. (*Id.*, p. 20). Plaintiff's condition could be expected to result in sadness, tension and forgetfulness, precluding complex work activity.[4] Still, these were not of such disabling frequency and intensity as to prevent her from performing simple, unskilled work. The record also showed Torres-Ortíz received visits from friends and relatives, had adequate interpersonal relationships and attended church regularly. (*Id.*, p. 22).

**THE ALJ'S DECISION AND THE APPEALS COUNCIL**

The ALJ applied in his administrative process the evaluation process mandated by law, insofar as concluding that plaintiff: (1) met the non-disability requirements for a period

---

[4] The ALJ found Dr. Malavé's conclusion as to markedly restricted in the ability to make occupational adjustment was not supported by said psychiatrist's own medical findings or by those other medical opinions and progress notes which appear in the whole record. (Docket No. 5, Transcript, p. 22).

of disability and disability insurance benefits and is insured for benefits through March 31, 2005; (2) did not engage in substantial gainful activity since the alleged onset date of disability on August 13, 2004; (3) allegations of severe impairment as to the mental condition diagnosed as moderate major depression constituted a severe impairment for it had more than a slight limitation in her capacity to perform work activity; (4) plaintiff did not have an impairment or combination that meets or equals the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (5) upon careful consideration of the entire record prior to the date Torres-Ortíz was last insured for disability purposes, March 31, 2005, she retained the residual functional capacity to perform light and unskilled type of work, except jobs not involving contact with the public and/or frequent contact with supervisors and co-workers, affording the opportunity for a five minutes break after two hours of work. The ALJ found above residual functional capacity did not allow plaintiff Torres-Ortíz to perform her past relevant work as sewing machine operator, but with the assistance of the vocational expert's testimony, other jobs were identified that she could still perform, such as garment sorter and mounter. (Docket No. 5, Transcript pp. 20-23).

The ALJ discussed the opinion of treating psychiatrist Dr. Malavé who opined the patient was markedly limited because of her mental impairment. The ALJ noted Dr. Malavé's opinion was limited to a questionnaire where check-marks were placed and did not list the dates of treatment nor explain the data on which he based his diagnostic impression and conclusions. Besides the failure to include progress notes, Dr. Malavé's opinion was also contradicted by other medical evidence of record of treating sources from

the Ponce School of Medicine, which included progress notes and discharge summary, and by the consultative evaluation of Dr. Reboredo. (*Id.*, p. 19).

## LEGAL ANALYSIS

The Court's review is limited to determine whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence. *See* Manso-Pizarro v. Secretary of Health and Human Services, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 26 (1st Cir. 1986); Ortiz v. Secretary of Health and Human Services, 955 F.2d 765, 769 (1st Cir. 1991).

To establish entitlement to disability benefits, the burden is on the claimant to prove that he is disabled within the meaning of the Social Security Act. *See* Bowen v. Yuckert, 482 U.S. 137, 146-47, n. 5 (1987). It is well settled law that a claimant is disabled under the Act if he/she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a). A claimant is unable to engage in any substantial gainful activity when the claimant is not only unable to do his/her previous work but, considering age, education, and work experience, cannot engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he/she lives, or whether a specific job vacancy

exists, or whether he/she would be hired if he/she applied for work. 42 U.S.C. § 423(d)(2)(a).

In making a determination as to whether a claimant is disabled, all of the evidence in the record must be considered. 20 C.F.R. § 404.1520(a). A five-step sequential evaluation process must be applied to every case in making a final determination as to whether a claimant is or not disabled. 20 C.F.R. §§ 404.1520; *see* Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); Goodermote v. Sec. of Health & Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982).

Through step one the ALJ determines whether the claimant is engaged in "substantial gainful activity." If he/she is, disability benefits are denied. §§ 404.1520(b). If not, the decision-maker proceeds to step two, through which it is determined whether the claimant has a medically severe impairment or combination of impairments. *See* §§ 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in order to determine whether the impairment or combination of impairments is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. §§ 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, through which the ALJ determines whether the impairment prevents the claimant from performing the work he/she has

performed in the past. If the claimant is able to perform his/her previous work, he/she is not disabled. §§ 404.1520(e). If it is determined that the claimant cannot perform this work, then the fifth and final step of the process demands a determination on whether claimant is able to perform other work in the national economy in view of the residual functional capacity, as well as age, education, and work experience. The claimant would be entitled to disability benefits only if he/she is not able to perform other work. §§ 404.1520(f).

The ALJ in the instant case examined and analyzed plaintiff's case following the relevant five steps above described for at step four the ALJ considered plaintiff Torres-Ortíz could not perform her past relevant work as a sewing machine operator.

The claimant has the burden under steps one through four of proving that he/she cannot return to his/her former employment because of the alleged disability. Santiago v. Secretary of Health and Human Services, 944 F.2d 1, 5 (1st Cir. 1991). Having determined the residual functional capacity for full range of light type of unskilled work and through the testimony of a vocational expert Dr. Pellicier, the ALJ concluded plaintiff Torres-Ortíz was not under disability.

In plaintiff's memorandum of law, she submits the ALJ failed to rely on the opinion of the treating physician without explaining the weight given to accept or disregard same. As above discussed, plaintiff's allegation is incorrect for the ALJ clearly discussed the reasons why Dr. Malavé's opinion was not given full credibility.

Plaintiff also argued the ALJ should meet his burden as to the existence of jobs that plaintiff could perform considering all her limitations as these are to be presented in the

hypothetical questions posed to the vocational expert. Plaintiff's memorandum submits that, unless a vocational expert's testimony contains all relevant facts, it cannot be considered to have probative value and such facts cannot be sufficient substantial evidence when the ALJ has ignored evidence, misapplied the law or judge matters entrusted to experts. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999).[5] If a vocational expert's testimony is to have probative value, the hypothetical questions posed must contain all relevant facts. Arocho v. Secretary of Health and Human Services, 670 F.2d 374, 375 (1st Cir. 1982) (in order for a vocational expert's answer to a hypothetical question to be relevant, the inputs into that hypothetical must correspond to conclusions that are supported by the outputs from medical authorities).

The legal argument as to the vocational expert's testimony is correct but uneventful for, when the ALJ deploys the proper legal standards and finds facts upon proper quantum of evidence, substantial evidence supports the administrative decision denying plaintiff's disability claim. The Court of Appeals the First Circuit has indicated an ALJ is "not required to recite every piece of evidence that favored appellant." *See* Stein v. Sullivan, 966 F.2d 317, 319 (7th Cir. 1992) (noting that the level of articulation required is not precise). *See* 20 C.F.R. § 404.1527(d) ("We will always give good reason in our notice of determination or decision for the weight we give your treating source's opinion); SSR 96-2p ("the notice of determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must

---

[5] *See* Rose v. Shalala, 34 F.3d 13,19 (1st Cir. 1994) (remanding for further proceedings because the ALJ did not ask the vocational expert proper questions about non-exertional limitations); *see, e.g.*, Arocho v. Secretary of HHS, 670 F.2d 374, 375 (1st Cir.1982).

be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

Additionally, the Commissioner, through the ALJ, is authorized to give greater weight to testimony and reports of medical experts commissioned by the administrative agency than to testimony and reports of other medical experts in determining whether a claimant is disabled. The ALJ presented arguments as to why the opinion of the consultative medical advisor Dr. Reboredo was considered. The ALJ's opinion also discussed the extent of other treating sources' opinion as to Torres-Ortíz' mental condition and how those other treating sources findings were supported by progress notes and evaluations, for which reason these were given more weight than the one of the treating psychiatrist, Dr. Malavé. The ALJ is entitled to reject a treating physician's conclusions that a claimant is totally disabled and accept contradictory medical evidence in the record. Keating v. Secretary of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988). That more weight is given to those reports of non-primary treating physician is not an error of the ALJ. *See* Barrientos v. Secretary of Health & Human Servs., 820 F.2d 1, 2-3 (1st Cir. 1987).

A perusal of the medical evidence in the record as a whole is consonant with the ALJ's conclusions that plaintiff was a good informant in that she was able to provide an adequate description of her personal, medical and occupational background to health professionals and to disability interviewers. The mental impairment was diagnosed as a moderate depressive disorder. Although plaintiff's condition could have been expected to result in sadness, tension and forgetfulness, precluding complex work activity and imposed more than a slight limitation in her capacity to perform work, it was not of such disabling

frequency and intensity, to prevent performance of light unskilled work that required no frequent contact with the public and occasional contact with co-workers and supervisors. Regardless that plaintiff could not perform her previous job as a sewing machine operator, which was of medium level of exertion and required productivity quota, the ALJ identified other jobs within plaintiff's residual functional capacity for light and unskilled work and within the limitations above indicated that she could still perform.

To review the final decision of the Commissioner courts must determine if the evidence of record meets the substantial evidence criteria. Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". Richardson v. Perales, 402 U.S. 389 (1971), quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197 (1938). The findings of the Commissioner as to any fact are conclusive, if supported by the above stated substantial evidence.[6] The court would set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on a legal error. See Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001); Rodríguez, 647 F.2d at 222.

In view of the above discussed and upon examination of the record as a whole, this Magistrate Judge opines the decision of the Commissioner is supported by substantial evidence.

---

[6] Falu v. Secretary of Health & Human Servs., 703 F. 2d 24 (1st Cir. 1983).

## CONCLUSION

After having carefully perused the record and considered there was substantial evidence in support of the decision issued by the Commissioner denying entitlement to a period of disability and ensuing benefits, this United States Magistrate Judge determines the Commissioner's decision is **AFFIRMED**.

Judgment to be entered.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 14th day of January of 2013.

                                                                       S/CAMILLE L. VELEZ-RIVE
                                                                       CAMILLE L. VELEZ RIVE
                                                                       UNITED STATES MAGISTRATE JUDGE